UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **The Estate of Raymond Ludwig, et al.,** | ) | **CASE NO. 1:14 CV 1073** |
| | ) | |
| Plaintiffs, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Cynthia C. Dungery, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**Introduction**

This matter is before the Court upon Defendants Cynthia Dungey and John McCarthy's Motion to Dismiss (Doc. 19) and Defendants Margaret Lynch and Shafiaah Brooks' Motion to Dismiss (Doc. 20). This case arises from plaintiffs' applications for Medicaid benefits. For the reasons set forth below, the motions are GRANTED.

**Facts**

Plaintiffs are the estate of Raymond Ludwig, the estate of Elva Ludwig, and William Hunger, each of whom applied for Medicaid. Plaintiffs bring suit against Cynthia C. Dungery in her official capacity as director of Ohio Department of Job and Family Services

("ODJFS"), John McCarthy in his official capacity as director of Ohio Department of Medicaid ("ODM"), Margaret Lynch in her individual and official capacity as caseworker with the Cuyahoga County Department of Job and Family Services ("CCDJFS"), and Shafiaah Brooks in her individual and official capacity as the supervisor of Margaret Lynch.

The Medicaid program was established pursuant to Title XIX of the Social Security Act, also known as the Medicaid Act, codified at 42 U.S.C. 1396 *et seq*. Medicaid is a cooperative federal-state program and each participating state is required to develop a plan containing reasonable standards for determining the eligibility for and extent of medical assistance.

42 U.S.C. § 1396a(a)(8) and 42 C.F.R. § 435(a)(2) require most Medicaid eligibility determinations to be made within 45 days. Ohio Administrative Code § 5101:1-38-01.2(G)(1)(c)(a) is more restrictive, requiring applications to be acted upon within 30 days. ODM, formerly ODJFS, has established hearing and appeal procedures related to Medicaid eligibility decisions. Applicants can avail themselves of the administrative process by filing a request for a hearing with the Bureau of State Hearings when they disagree with an agency's eligibility decision or because of a local agency's inaction. Ohio Adm. Code 5101:6-3-01 and 5101:6-5:01. If dissatisfied with the state hearing decision, an applicant may file an administrative appeal. Ohio Adm. Code 5101:6-8-01. Individuals who disagree with an administrative appeal then have the right to appeal that decision to the court of common pleas. Ohio Adm. Code § 5101:6-9.

The following facts are set forth in the complaint. Raymond Ludwig and Elva Ludwig, husband and wife, applied for Medicaid on July 13, 2013. Raymond died on July 28,

2013 and Elva died on March 9, 2014. On October 25, 2013, both applications were denied by the CCDJFS. Notice of denial for Elva was issued to the Ludwig's daughter, Gayle Ludwig, and to Elva's authorized representative, Attorney Richard Myers. Notice of denial for Raymond's application was issued only to Gayle Ludwig and not to Attorney Myers, who was also Raymond's authorized representative. On October 29, 2013, Attorney Myers submitted state hearing requests for both of the Ludwigs.

On November 26, 2013, Attorney Myers participated in separate state hearings for both Raymond and Elva Ludwig's applications. On December 2, 2013, the state hearing board issued decisions finding that both Raymond and Elva met the resource eligibility limits for July 2013 and were eligible for Medicaid benefits. The state hearing board directed CCDJFS to redetermine their Medicaid eligibility within 15 days.

William Hunger applied for Medicaid on August 28, 2013. On November 15, 2013, Hunger filed a state hearing request seeking an eligibility determination because CCDJFS had not yet made one. The state hearing decision was issued on December 12, 2013 and directed CCDJFS to make an eligibility determination for Hunger within 15 days.

On May 19, 2014, plaintiffs filed a Complaint for Writ of Mandamus (Doc. 1) against defendants and Motion for Preliminary Injunction (Doc. 7). Although not entirely clear, plaintiffs appear to claim that defendants violated their rights under 42 U.S.C. § 1396a(a)(8) and 42 C.F.R. § 435(a)(2) to timely determinations of their Medicaid eligibility. They seek to enforce those rights under 42 U.S.C. § 1983. Plaintiffs also claim violations of their constitutional rights under the Fourteenth Amendment's Due Process Clause. Additionally, plaintiffs maintain that defendants have violated several provisions of Ohio law. Plaintiffs

3

seek a preemptory writ of mandamus requiring ODJFS and ODM to issue notices of eligibility to plaintiffs with approval of benefits for the period of delay, as well as damages, attorneys fees, and costs.

On June 3, 2014, redeterminations of Medicaid eligibility were made in favor of the Ludwigs. On June 16, 2014, CCDJFS determined that Hunger was over the limit for resources until January 2013 and again from March 2014 onward. Plaintiffs thereafter withdrew their motion for a preliminary injunction. Hunger filed an appeal on June 23, 2014. A hearing was held on July 14, 2014 and the state hearing officer denied Hunger's request for benefits for March 2014 onward.

This matter is now before the Court upon defendants' motions to dismiss which plaintiffs oppose.

### **Discussion**

Defendants argue that the case should be dismissed because it is moot in light of the eligibility determinations.

Under Article III of the United States Constitution, a federal court only has jurisdiction over a live case or controversy. U.S. Const. art. III § 2; *see also Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis,* 494 U.S. at 477. And "[p]ast exposure to illegal conduct does not in itself does not show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton,* 414 U.S. 488, 495–96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). There are two exceptions to the mootness

doctrine. First, a case will not be dismissed even when a plaintiff's claim has become moot if the circumstances are such that the injury is capable of repetition, yet evading review. *Weinstein v. Bradford,* 423 U.S. 147, 148–49, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975). Second, a case will not be dismissed where a plaintiff's claim has been mooted by a defendant's voluntary cessation of allegedly improper behavior. *Friends of the Earth, Inc. v. Laidlaw Env. Svcs.,* 528 U.S. 167, 189, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

After review, the Court dismisses the claims for violations of 42 U.S.C. § 1396a(a)(8) and 42 C.F.R. § 435(a)(2). Raymond and Elva Ludwig's applications for Medicaid have been approved and the estates have indicated their approval of the decision. (Doc. 20-7). Hunger's Medicaid eligibility has been approved for January and February 2013 and he is pursuing his administrative remedies. Plaintiffs' sole argument against mootness is that the attorneys' fees and costs associated with filing the instant suit means that these claims present a live controversy. However, the existence of an attorneys' fees claim does not resuscitate an otherwise moot controversy. *See Diamond v. Charles,* 476 U.S. 54, 70–71, 106 S.Ct. 1697, 1707–08, 90 L.Ed.2d 48 (1985); *Citizens For Responsible Government v. Davidson,* 236 F.3d 1174, 1183 (10th Cir. 2000) ("[T]he general rule is that 'an interest in attorney's fees is insufficient to create an Article III case or controversy where a case or controversy does not exist on the merits of the underlying claim'") (internal citation omitted); *Zucker v. Occidental Petroleum Corp.,* 192 F.3d 1323, 1329 (9th Cir. 1999) (noting that attorneys' fees "are but an ancillary matter over which the district court retains equitable jurisdiction even when the underlying case is moot"). Consequently, the Court dismisses plaintiffs' claims for violations of 42 U.S.C. § 1396a(a)(8) and 42 C.F.R. § 435(a)(2).

...

Defendants also move to dismiss Raymond Ludwig's claim for violation of the Fourteenth Amendment's Due Process Clause on the grounds that plaintiff has failed to allege any injury.

To prevail on a procedural due process challenge, plaintiff must demonstrate prejudice. *Warner v. Ashcroft,* 381 F.3d 534, 538 (6th Cir. 2004). In order to establish the requisite prejudice, he must show that the due process violations led to a substantially different outcome from that which would have occurred in the absence of those violations. *See Garza–Moreno v. Gonzales,* 489 F.3d 239, 241–242 (6th Cir. 2007)

After review, the Court finds that the due process claim fails to state a claim upon which relief may be granted. The complaint states that defendants only gave notice of the denial of Raymond Ludwig's Medicaid eligibility to his daughter on October 25, 2013. They did not give notice to his authorized representative, Attorney Myers. Plaintiff appears to contend that this resulted in a violation of due process. However, Attorney Myers filed an appeal on Raymond Ludwig's behalf with the state hearing board on October 28, 2013. Additionally, Attorney Myers participated in the state hearing board decision on November 26, 2013, and the board actually determined that Raymond Ludwig was entitled to Medicaid benefits. Plaintiff's assertion that his state and administrative appellate rights were "placed at risk" by defendants' actions is unavailing in light of the fact that plaintiff successfully exercised those rights. The complaint does not allege sufficient prejudice nor does it allege that any action by defendants led to a substantially different outcome that what would have occurred without it. Because plaintiff fails to allege how he was denied due process, the claim

based on insufficient notice is dismissed for failure to state a claim.[1]

Having found that the federal claims in the Complaint must be dismissed, the Court declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims such as they are.

**Conclusion**

For the reasons set forth above, defendants' motions are GRANTED.  The case is hereby DISMISSED.

IT IS SO ORDERED.


        /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated:   9/29/14

---

[1] Defendants also argue that they are entitled to Qualified Immunity and that the *Rooker-Feldman* doctrine divested this Court of jurisdiction.  Plaintiffs did not respond to any of these arguments.  Given the Court's rulings on mootness and failure to state a claim for a due process violation, the Court does not reach them.  Plaintiffs' claims for attorneys fees are moot, since they are non-prevailing parties.  *See* 42 U.S.C § 1988.